*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

FOR PUBLICATION
October 5, 2023

v

No. 361377
Tuscola Circuit Court
LC No. 21-015450-FH

SHAALN M. KEJBOU,

Defendant-Appellee.

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

REDFORD, P.J. (*concurring*).

I concur in the judgment of the majority to affirm the circuit court's quashing of the bindover and dismissal of the charge of manufacturing 200 or more marijuana plants in violation of MCL 333.7401(2)(d)(*i*), and charge of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, a charge predicated on the manufacturing-marijuana charge, because the provisions of the citizen-enacted Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., dictate the result in the case at bar. I write separately because I am not persuaded that the electorate intended this outcome, considering the express purpose and intent of the MRTMA and the specific facts of this case.

This Court interprets laws passed by initiative by determining the intent of the electorate rather than the intent of the Legislature. *People v Perry*, 338 Mich App 363, 367; 980 NW2d 92 (2021). "Our interpretation is ultimately drawn from the plain language of the statute, which provides the most reliable evidence of the electors' intent." *Id*., quoting *People v Hartwick*, 498 Mich 192, 209; 870 NW2d 37 (2015). Respecting the MRTMA, a political-action committee, the Coalition to Regulate Marijuana Like Alcohol, led a campaign to place an initiative on the 2018 general election ballot to legalize the personal possession, cultivation, and use of marijuana by individuals over 21 years of age, and allow commercial sales of marijuana through licensed retailers. *Perry*, 368 Mich App at 368-369. In advance of placing the initiative on the ballot, the publicly stated objectives focused on decriminalization of personal use of marijuana and decriminalization of the commercial production and retail sale of marijuana with significant regulatory control of such enterprises similar to the regulation of alcohol production and sales within this state.

The Board of State Canvassers approved ballot initiative Proposal 18-1 and submitted it to voters at the November 6, 2018 general election. The ballot proposal stated as follows:

Proposal 18-1.

A proposed initiated law to authorize and legalize possession, use and cultivation of marijuana products by individuals who are at least 21 years of age and older, and commercial sales of marijuana through state-licensed retailers.

This proposal would:

• Allow individuals 21 and older to purchase, possess and use marijuana and marijuana-infused edibles, and grow up to 12 marijuana plants for personal consumption.

• Impose a 10-ounce limit for marijuana kept at residences and require amounts over 2.5 ounces be secured in locked containers.

• Create a state licensing system for marijuana businesses and allow municipalities to ban or restrict them.

• Permit retail sales of marijuana and edibles subject to a 10% tax, dedicated to implementation costs, clinical trials, schools, roads, and municipalities where marijuana businesses are located.

• Change several current violations from crimes to civil infractions.

Should this proposal be adopted?

[ ] YES

[ ] NO[1]

Analysis of Proposal 18-1, reveals that it contemplated limiting the personal possession, use and cultivation of marijuana, and state regulatory control over all commercial marijuana business activities. Notably, the ballot proposal's last bullet point told the electorate that the new law would "[c]hange several current violations from crimes to civil infractions" but did not state that *all* current crimes would be changed into mere civil infractions or reduced to misdemeanors.

Michigan voters approved Proposal 18-1 by a vote of 2,356,422 for to 1,859,675 against. The law became effective December 6, 2018.[2] MCL 333.27952 states the purpose and intent of the new law as follows:

---

[1] See *Perry*, 338 Mich App at 370.

[2] See MCL 333.27951, History and Compiler's Notes.

The purpose of this act is to make marihuana legal under state and local law for adults 21 years of age or older, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved. The intent is to prevent arrest and penalty for personal possession and cultivation of marihuana by adults 21 years of age or older; remove the commercial production and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; prevent the distribution of marihuana to persons under 21 years of age; prevent the diversion of marihuana to illicit markets; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments. To the fullest extent possible, this act shall be interpreted in accordance with the purpose and intent set forth in this section.

Analysis of MCL 333.27952 reveals that the MRTMA makes marijuana legal under Michigan law for personal use and personal cultivation of marijuana by persons 21 years of age and older without fear of arrest or imposition of penalty. The MRTMA also serves to make commercial production and distribution of marijuana not merely legal, but to remove such from the illicit market and control by criminal enterprises. The express statutory purpose and intent should guide our interpretation of the MRTMA.

MCL 333.27954(5) provides that "[a]ll other laws inconsistent with this act do not apply to conduct that is permitted by this act." This provision leads one to ask what acts are actually permitted. Looking further at the MRTMA, MCL 333.27955 specifies the lawful activities that a person over 21 years old may do that

are not an offense, are not grounds for seizing or forfeiting property, are not grounds for arrest, prosecution, or penalty in any manner, are not grounds for search or inspection, and are not grounds to deny any other right or privilege:

(a) except as permitted by subdivision (b), possessing, using or consuming, internally possessing, purchasing, transporting, or processing 2.5 ounces or less of marihuana, except that not more than 15 grams of marihuana may be in the form of marihuana concentrate;

(b) within the person's residence, possessing, storing, and processing not more than 10 ounces of marihuana and any marihuana produced by marihuana plants cultivated on the premises and cultivating not more than 12 marihuana plants for personal use, provided that no more than 12 marihuana plants are possessed, cultivated, or processed on the premises at once;

(c) assisting another person who is 21 years of age or older in any of the acts described in this section; and

(d) giving away or otherwise transferring without remuneration up to 2.5 ounces of marihuana, except that not more than 15 grams of marihuana may be in

the form of marihuana concentrate, to a person 21 years of age or older, as long as the transfer is not advertised or promoted to the public.

MCL 333.27965 specifies violations of the MRTMA and provides penalties in relevant part as follows:

A person who commits any of the following acts, and is not otherwise authorized by this act to conduct such activities, may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law:

1. Except for a person who engaged in conduct described in sections 4(1)(a), 4(1)(b), 4(1)(c), 4(1)(d), 4(1)(g), or 4(1)(h), a person who possesses not more than the amount of marihuana allowed by section 5, cultivates not more than the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than the amount of marihuana allowed by section 5, or possesses with intent to deliver not more than the amount of marihuana allowed by section 5, is responsible for a civil infraction and may be punished by a fine of not more than $100 and forfeiture of the marihuana.

2. Except for a person who engaged in conduct described in section 4, a person who possesses not more than twice the amount of marihuana allowed by section 5, cultivates not more than twice the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than twice the amount of marihuana allowed by section 5, or possesses with intent to deliver not more than twice the amount of marihuana allowed by section 5:

(a) for a first violation, is responsible for a civil infraction and may be punished by a fine of not more than $500 and forfeiture of the marihuana;

(b) for a second violation, is responsible for a civil infraction and may be punished by a fine of not more than $1,000 and forfeiture of the marihuana;

(c) for a third or subsequent violation, is guilty of a misdemeanor and may be punished by a fine of not more than $2,000 and forfeiture of the marihuana.

* * *

4. Except for a person who engaged in conduct described in section 4,[3] a person who possesses more than twice the amount of marihuana allowed by section

---

[3] "Section 4" of the MRTMA, MCL 333.27954(1)(a-i), sets forth what the act does not authorize, including, among other things: operating a motor vehicle while under the influence of marijuana; consuming marijuana while operating a motor vehicle or smoking it as a passenger while on a

5, cultivates more than twice the amount of marihuana allowed by section 5, or delivers without receiving any remuneration to a person who is at least 21 years of age more than twice the amount of marihuana allowed by section 5, shall be responsible for a misdemeanor, but shall not be subject to imprisonment unless the violation was habitual, willful, and for a commercial purpose or the violation involved violence.

In this case, defendant possessed and cultivated over 1,100 marijuana plants on his property and he concedes, at least in relation to this appeal, that he did so for a commercial purpose. The record reflects that he did not have a license authorizing his large-scale grow operation. One can reasonably conclude that defendant cultivated his marijuana plants for the illicit market. His conduct, therefore, not only violated the personal possession and cultivation limits of the MRTMA but also the purpose and intent of the MRTMA. Despite that, as the majority opinion points out, MCL 333.27965(4) shields defendant from prosecution for violation of MCL 333.7401 of the Public Health Code which provides that manufacture and possession of over 200 plants is a crime punishable by not more than 15 years or a fine of not more than $10,000,000.00, or both.

Although the MRTMA's plain language is clear and dictates the result in this case, I question whether the electorate, who voted for this initiative law based on what had been presented to the public, would agree that one who obviously treated the letter and spirit of the MRTMA law with contempt by violating its express terms, purpose and intent, should not be subject to criminal prosecution.

Nevertheless, I am cognizant that differences exist between the Michigan liquor control code of 1998 and the MRTMA, particularly the way in which these two statutory schemes treat violations under the acts. Notably, the liquor control code describes in various provisions misdemeanor and felony conduct and authorizes the imposition of misdemeanor and felony penalties for those convicted of violation of the act's requirements. See e.g., MCL 436.1909; MCL 436.1914; MCL 436.1914a; MCL 436.1914b. Under MCL 436.1909, misdemeanor and felony penalties may be imposed upon those convicted of violation of the act's licensing requirements, doing acts for which a license is required, and selling, delivering, or importing spirits in certain specified amounts. The penalties vary depending upon the severity of violation of the act.

The MRTMA, by contrast, provides in MCL 333.27965 for civil and misdemeanor penalties for specified violations of the act. Relevant to this case, Subpart (4) provides for misdemeanor responsibility but not subjection to imprisonment for a person who possesses or cultivates more than twice the amount allowed under MCL 333.27955, i.e., over 24 plants, "unless the violation was habitual, willful, and for a commercial purpose or the violation involved violence." Defendant's conduct in this case falls within the broad language of MCL 333.27965(4). Despite the severity of his violation of MCL 333.27955, unlike analogous conduct that would violate the liquor control code and be subject to penalty commensurate with the conduct, defendant

---

public way; consuming marijuana in public or in prohibited places; transfer of marijuana or paraphernalia to a person under 21; possession, use, and cultivation by a person under 21; and cultivating plants that are visible from a public space without the use of optical aids.

faces no penalty that recognizes the severity of his conduct nor would serve to prohibit similar violations by others.

Accordingly, perhaps the Legislature should consider amending the MRTMA so that when an individual engages in the unregulated commercial manufacture of hundreds of marijuana plants, they could be subject to more severe penalties than allowed in MCL 333.27965.

/s/ James Robert Redford